IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TERRANCE SMITH,

   Plaintiff,

V.

WARDEN WALTER BERRY, *et al.*,

   Defendant.

NO. 5:22-cv-00014-TES-CHW

## ORDER AND RECOMMENDATION

Plaintiff Terrance Smith, a prisoner in Baldwin State Prison in Hardwick, Georgia, has filed a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. In addition, Plaintiff has filed a motion for leave to proceed *in forma pauperis* (ECF Nos. 3 & 10), a motion to appoint counsel (ECF No. 5), and a motion for a show cause order and temporary restraining order (ECF No. 6).[1] As discussed below, Plaintiff's motion to appoint counsel is now **DENIED**. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $36.28. Additionally, Plaintiff is **ORDERED** to recast his complaint if he wants to proceed with this action. Finally, it is **RECOMMENDED** that Plaintiff's motion for a show cause order and temporary restraining order be **DENIED**.

---

[1]Plaintiff has also filed an objection to the order referring this case to this Magistrate Judge, asserting that this case should be heard by the District Judge. Response to Court Order, ECF No. 4. Referral to this Magistrate Judge is appropriate pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72. To the extent that Plaintiff objects to particular rulings made by this Magistrate Judge in this case, he may submit such objections at the appropriate time.

## MOTION TO APPOINT COUNSEL

With regard to the motion to appoint counsel, Plaintiff asserts that he is unable to afford counsel; his imprisonment will limit his ability to litigate this case, which he asserts involves complex legal issues that will require significant legal research and investigation; and a lawyer will be better able to present evidence and cross-examine witnesses at trial. Mot. to Appoint Counsel, ECF No. 5. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court finds that Plaintiff has not identified any exceptional circumstances that justify the appointment of counsel at this time. As such, Plaintiff's motion to appoint counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting

---

[2]The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee. *See* 28 U.S.C. §1915(b). A prisoner seeking to proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." *Id.* As it appears from Plaintiff's documentation that Plaintiff is unable to prepay the entire cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

A. <u>Initial Partial Filing Fee</u>

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's account certification shows the average monthly deposits to Plaintiff's account for the six months before he filed the complaint equaled $181.42. Twenty percent

3

of $181.42 is $36.28. Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $36.28.

B. Remainder of the Filing Fee

Additionally, Plaintiff is obligated to pay the remainder of the $350.00 filing fee, in installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below. The **CLERK** shall therefore forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is detained so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

1. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been

collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to collection of the full filing fee.

2.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST**

A cursory review of Plaintiff's complaint shows that he must recast his claims if he wants to proceed with this action.  In particular, Plaintiff names as the defendants to this action Baldwin State Prison Warden Walter Berry, Deputy Warden of Security Eric Martin, Chief Counselor Pretrillion Whipple, and Deputy Wardens of Care and Treatment Tracey Lumpkin and Regina Whomble.  Compl. 4, ECF No. 1.  In his statement of facts, however, Plaintiff makes no specific allegations regarding any of these individual defendants.  *Id.* at 5.  Plaintiff's statement of facts consists wholly of broad and conclusory statements asserting that the conditions in Baldwin State Prison are dangerous

and inhumane, without any specific factual allegations to support these general claims. *See id.* Plaintiff has also filed a declaration setting forth a number of complaints about the prison without connecting such complaints to particular defendants or providing specific factual allegations in support. *See* Declaration/Affidavit, ECF No. 11.

Such generalities are insufficient to state a claim for relief in a § 1983 action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Accordingly, if he wants to proceed with this action, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions below. In recasting his complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

> (4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?
>
> (5) *What* did this defendant do (or not do) in response to this knowledge?
>
> (6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint as directed herein. Failure to do so, or to otherwise fully and timely comply with this Order, may result in the dismissal of Plaintiff's Complaint.

## MOTION FOR SHOW CAUSE ORDER AND T.R.O.

Finally, Plaintiff has filed a motion for the Court to order the defendants to show cause why Plaintiff should not be released pursuant to 18 U.S.C. § 3626, which addresses appropriate remedies in civil actions relating to prison conditions. Mot. to Show Cause 1, ECF No. 6. Under § 3626(a)(3)(A), a court cannot order that a prisoner be released in such an action unless "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied" and "the defendant has had a reasonable amount of time to comply with the previous court order."

7

In seeking a release order, a party must file a request for a three-judge panel and must submit "materials sufficient to demonstrate that the requirements of subparagraph (A) have been met." § 3626(a)(3)(C). Plaintiff has not provided the Court with any evidence that release is appropriate under the terms of 18 U.S.C. § 3626.

Plaintiff also asks that the defendants be restrained from placing his "life in grave danger due to prison security, understaffing, failure to prevent infection of Covid-19 due to overcrowded environment which prevents the method of social distancing." Mot. to Show Cause 1, ECF No. 6. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

As noted above, Plaintiff at this time has set forth only general and conclusory allegations that he is entitled to relief. Plaintiff's unsupported allegations are not sufficient

---

[3]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

to state a claim for relief that may proceed past preliminary review, much less to show that there is a substantial likelihood of success on the merits. Likewise, Plaintiff's allegations do not satisfy the remaining requirements for the Court to order a temporary restraining order or preliminary injunction. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a show cause order and for a temporary restraining order be **DENIED** without prejudice to Plaintiff's right to file a new motion for a temporary restraining order or preliminary injuctive relief if he is able to satisfy the requirements for such a motion.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this order. Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## CONCLUSION

Therefore, as set forth above, Plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED**. Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $36.28. Next, Plaintiff is

**ORDERED** to file a recast complaint consistent with the instructions herein within **FOURTEEN (14) DAYS** from the date of this order.  Plaintiff's failure to fully and timely comply with the orders herein may result in the dismissal of this complaint.  Finally, it is **RECOMMENDED** that Plaintiff's motion for a show cause order and temporary restraining order be **DENIED**.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with his service copy of this Order (with the civil action number showing on both).  There will be no service in this case pending further order of the Court.

**SO ORDERED and RECOMMENDED**, this 8th day of March, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
